UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESSE J. LINDSEY,

    Plaintiff,

v.      CAUSE NO. 3:23-CV-94-DRL-JEM

HENSLEY *et al.*,

    Defendants.

OPINION AND ORDER

Jesse J. Lindsey, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Hensley, Sergeant Mullat, Sergeant Easley, and Counselor Macy Jackson in their individual capacities for compensatory and punitive damages for failing to protect him from his cellmate on March 22-23, 2022, in violation of the Eighth Amendment[.]" ECF 8 at 8. The defendants filed a motion for summary judgment, arguing Mr. Lindsey didn't exhaust his administrative remedies before filing this lawsuit. ECF 22. Mr. Lindsey filed a response. ECF 26. The defendants have not filed a reply, and the time for doing so has expired. Mr. Lindsey also filed a motion requesting a decision on the defendants' summary judgment motion. ECF 33. The defendants' summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff

hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The defendants argue Mr. Lindsey didn't exhaust his administrative remedies because his grievance records show he never submitted or exhausted any relevant grievance. ECF 23 at 5-8. In his response, Mr. Lindsey concedes he never fully exhausted any relevant grievance. ECF 26. The court thus accepts this as undisputed. Instead, he argues his administrative remedies were unavailable because he submitted several relevant grievances but never received any receipt or response from the grievance office. *Id.*

Specifically, Mr. Lindsey provides evidence showing the following facts. On March 29, 2022, he submitted a grievance complaining the defendants failed to protect him from his cellmate on March 22. ECF 26-2 at 1. Mr. Lindsey never received any receipt or response from the grievance office for his March 29 grievance. *Id.*; ECF 26-1 at 3-4. On April 20, 2022, Mr. Lindsey submitted a "Request for Interview" form to the warden informing him he hadn't received any response to his March 29 grievance. ECF 26-2 at 9. On May 4, 2022, Mr. Lindsey submitted a new grievance stating he never received any receipt or response for his March 29 grievance. *Id.* at 2. Mr. Lindsey never received any receipt or response to his May 4 grievance. *Id.*; ECF 26-1 at 5. On May 15, 2022, Mr. Lindsey submitted a Request for Interview form to the Grievance Specialist notifying him he hadn't received any response to his March 29 and May 4 grievances. ECF 26-2 at 8. Mr. Lindsey received no response to this Request for Interview form. *Id.*; ECF 26-1 at 5. On June 17, 2022, Mr. Lindsey submitted a new grievance complaining he never received any

3

responses to his March 29 and May 4 grievances. ECF 26-2 at 5. Mr. Lindsey again received no receipt or response to his June 17 grievance. *Id.*; ECF 26-1 at 5. Because the defendants do not dispute any of this evidence, the court accepts it as undisputed.

Here, Mr. Lindsey has provided undisputed evidence his administrative remedies were unavailable. Specifically, Mr. Lindsey has shown he submitted relevant grievances and never received any receipt or response from the grievance office despite notifying the Grievance Specialist about the lack of response. This left Mr. Lindsey without any further available remedies to exhaust.

In their summary judgment motion, the defendants argue that, even assuming Mr. Lindsey submitted relevant grievances and received no receipt or response from the grievance office, he still had available remedies to exhaust because he was required to appeal those grievances as if they'd been denied. ECF 23 at 6-7. But the Offender Grievance only provides that an inmate may appeal his grievance if he receives "no grievance response within twenty (20) business days of the Offender Grievance Specialist's *receipt* of the grievance[.]" ECF 22-2 at 12 (emphasis added). Because the Grievance Specialist never issued any receipt for any of Mr. Lindsey's grievances, there is no evidence the Offender Grievance Process allowed him to appeal any of his grievances. And regardless, Mr. Lindsey provides evidence he attempted to appeal his grievances to the warden and again received no response. ECF 26-2 at 6, 9.

Accordingly, because the undisputed evidence shows Mr. Lindsey's administrative remedies were not available, the defendants have not met their burden to

4

show Mr. Lindsey had available administrative remedies he didn't exhaust before filing this lawsuit. Their motion for summary judgment must be denied.

For these reasons, the defendants' motion for summary judgment (ECF 22) is DENIED and Mr. Lindsey's motion requesting a decision on the defendants' summary judgment motion (ECF 33) is DENIED AS MOOT.

SO ORDERED.

July 31, 2024 *s/ Damon R. Leichty*
Judge, United States District Court